**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Cr. No. 20-CR-250 (CJN/RMM)** |
| | : | |
| **WALTER GIBBS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

## I.  Procedural History

On Thursday, November 6, 2020, the grand jury returned a one-count indictment, charging Walter Gibbs ("hereinafter "the defendant") with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provision of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II.  <u>Legal Authority and Argument</u>

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." <u>18 U.S.C. § 3142(f)</u>. Specifically, the presentation of hearsay evidence is permitted. <u>Id.</u>; <u>United States v. Smith</u>, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." <u>United States v. Martir</u>, 782 F.2d 1141, 1145 (2d Cir. 1986); <u>United States v. Williams</u>, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. <u>Smith</u>, 79 F.3d at 1210, <u>see also</u> <u>Williams</u>, 798 F. Supp. at 36. In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

### A.      <u>Nature and Circumstances of the Offenses Charged</u>

The first factor for the Court's consideration, the nature and circumstances of the offense

charged, weighs in favor of detention. On October 31, 2020, at approximately 6:08 a.m., Officer Charles Garrett, a uniformed member of the Metropolitan Police Department ("MPD") was in a marked police vehicle and stopped at the intersection of Minnesota Avenue and Nannie Helen Burroughs Avenue in Northeast, Washington, D.C. In front of his police vehicle was a 2002 Chevrolet Impala with a Delaware temporary tag that appeared to have missing numbers and a misplaced silver strip. Officer Garrett initiated a traffic stop under the bridge at Minnesota and Nannie Helen Burroughs Avenue and approached the vehicle. Officer Garrett immediately asked the driver and sole occupant, the defendant, for his license and registration, and the defendant handed over an identification card bearing his name, Walter Gibbs, as well as a registration card with no identifying information about the vehicle. The defendant advised Officer Garrett that he did not have a license, that the vehicle belonged to him, and that he recently purchased the vehicle from a dealer through Instagram.

Officer Garrett conducted a WALES/NCIC check based on the identifying information provided by the defendant, and confirmed that he did not have a driver's license in the District of Columbia, Maryland, or Virginia. Additionally, Officer Garrett learned that the defendant had at least one active warrant issued out of Prince George's County, Maryland. Specifically, the defendant has a Prince George's County, Maryland criminal warrant pending under Case Number 6E00691970 that was issued on August 1, 2020 for First-Degree Assault, Second-Degree Assault, Theft of $1500 to $25000 and Malicious Destruction of Property, Value Over $1000.

The defendant was stepped out of the vehicle and placed under arrest. During a search incident to arrest, another officer looked inside the defendant's vehicle and immediately observed a gray handgun under the driver's seat. The firearm was determined to be a Taurus Armas G2C

9mm handgun. The firearm had one round of ammunition in the chamber and nine rounds in the magazine.

**B.**     **Weight of the Evidence against the Defendant**

The second factor for the Court's consideration, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is strong. As set forth above, after MPD Officer Garrett stopped the defendant's vehicle based on counterfeit tags, a subsequent search of the car revealed a loaded semi-automatic firearm with one round in the chamber and nine rounds the magazine. The defendant was the sole occupant of the vehicle, stated that the vehicle was his, and he was within reaching distance of the firearm at the time of the traffic stop.

**C.**     **The Defendant's History and Characteristics**

The third factor, the history and characteristics of the defendant, similarly weighs in favor of his detention. The Government finds particularly concerning the defendant's 2014 conviction for Assault with Significant Bodily Injury in Washington, D.C. under Case Number 2014 CF3 011492. As outlined in the Government's Memorandum in Aid of Sentencing in that case, on June 5, 2014, the defendant was engaged in a verbal altercation with a woman about unwanted sexual advances made by him. That woman made a statement to the police that the defendant had sexually assaulted her and was continuing to attempt to have sex with her when a concerned neighbor overheard her protests and intervened. The government is aware of statements made by the defendant with respect to that case in which the defendant admitted that he was trying to have sex with the woman as well as was trying to get her to have sex with his friend, and that he hit her when she refused. Moreover, when the concerned neighbor, and victim, attempted to intervene, the defendant punched him about the face and head, before pushing him down the stairs. As a

4

result of the attack, the neighbor-victim suffered a broken orbital bone and broken leg. For the assault, the defendant was sentenced to 24 months of incarceration, execution suspended as to all but 10 months, and 24 months of supervised probation.

However, while on supervised release for that case, the Court revoked the defendant's probation and, on July 7, 2017, he was resentenced to 18 months of incarceration. It bears noting that at the time he pleaded guilty and ultimately was sentenced for the 2014 Assault with Significant Bodily Injury, the defendant also pled guilty in 2014 DVM 001548. In that case, the defendant plead guilty to one count of attempted threats for threatening to assault a woman he was dating after she refused to provide him money when he asked.

Finally, it cannot be ignored that at the time of the defendant's instant arrest, he had an outstanding warrant from Prince George's County, Maryland, for yet another assault case – this time on charges, inter alia, of both First- and Second-Degree Assault.

Thus, in light of this criminal history, history of non-compliance in his exceptionally violent Assault case, together with the instant offense wherein the defendant unlawfully possessed a loaded firearm, the government submits that the defendant should not be released.

**D.**     **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. For starters, as outlined above, the defendant's prior conviction for Assault with Significant Bodily Injury is deeply concerning, especially when that criminal history is taken together with the knowledge that he has an outstanding warrant for, among other counts, First- and Second-Degree Assault.

Beyond that, the defendant's conduct in the instant case of (1) possessing a loaded firearm,

5

(2) while driving through the community, is of great concern to the government. A firearm has the potential of causing meaningful bodily injury to innocent members of the community, to include death. Moreover, homicides in the District are up 15% this year, from 2019. Thus, the risk to others is plainly serious. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III.  <u>Conclusion</u>

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
New York Bar No. 4444188

By:    /s/ *Kaitlin A. Vaillancourt*
Kaitlin A. Vaillancourt
D.C. Bar No. 1027737
Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Kaitlin.Vaillancourt@usdoj.gov
Telephone: (202) 252-2421

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Ubong Akpan, Esq., this 6th day of November 2020.

/s/
Kaitlin A. Vaillancourt
Assistant United States Attorney